**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Rich, | ) No. CV 10-8178-PCT-MHM (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Wexford Health Solutions, et al., | ) |
| Defendants. | ) |

Plaintiff Michael J. Rich, who is confined in the Arizona State Prison Complex-Lewis, Bachman Unit, in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Wexford Health Solutions and Drs. John Doe I and John Doe II to answer Counts I and II of the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $12.94. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/ / /

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 4673711 at *3 (9th Cir. Nov. 19, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

/   /   /

### III. Complaint

Plaintiff alleges two counts for constitutionally deficient medical care while he was an inmate at the Yavapai County Jail. Plaintiff sues Wexford Health Solutions, which provided medical services under contract with Yavapai County to inmates; Yavapai County Medical Administrator Doe; and Drs. John Doe I and John Doe II. Plaintiff seeks declaratory, compensatory, and punitive relief.

Plaintiff alleges the following facts: Plaintiff was booked into the Yavapai County Jail on March 20, 2007. At that time, Plaintiff was suffering from an ulcer on his left foot and hammer toes on his right foot. On April 4, 2007, surgical debridement of the ulcer was performed. Following the surgery, Plaintiff's surgeon, Dr. Kincade, ordered that Plaintiff be transferred to the Maricopa Medical Center (MMC) to receive intravenous antibiotics for six to eight weeks. Dr. Kincade also prescribed bi-weekly aftercare visits with him to remove callous build-up around the wound. Further, Dr. Kincade prescribed that Plaintiff receive special post-surgical "pressure off" shoes for both feet to facilitate healing of Plaintiff's left foot and to prevent ulceration of his right foot due to his hammer toes.

Plaintiff was transferred to MMC but only received antibiotics for one day. The second day, Dr. Doe I, who was Plaintiff's attending physician at MMC, discontinued the antibiotics and discharged Plaintiff back to Yavapai County without explanation. Plaintiff also did not receive bi-weekly aftercare visits with Dr. Kincade; instead aftercare visits were scheduled at four to six week intervals. Plaintiff requested the prescribed special shoes, but Wexford "advised" him that it would not provide the shoes because they were too expensive. As a result of the surgery and denial of the prescribed shoes, Plaintiff favored his right foot. That in turn, caused the hammer toes in his right foot to ulcerate and become infected. Plaintiff repeatedly complained of the infection in his right foot to Wexford, Medical Administrator Doe, and Dr. Doe II and requested bi-weekly aftercare and treatment of the infection. Wexford and Medical Administrator Doe failed to provide treatment for the right foot or to implement bi-weekly aftercare. Dr. Doe II only sporadically changed bandages and refused to schedule Plaintiff for outside consultation.

Between May and July 2007, Plaintiff complained to Dr. Doe II, the attending physician at Yavapai County Jail, on almost a daily basis that his left big toe was infected, i.e., it was red, swollen, hot to the touch, and causing great pain. Dr. Doe II refused to provide care, such as an outside consultation or the prescribed bi-weekly aftercare, but only sporadically changed the dressing. Wexford and Medical Administrator Doe continued to refuse the bi-weekly aftercare appointments. In July 2007, Plaintiff received an MRI, which revealed that Plaintiff had osteomyelitis[1] in his left big toe. Plaintiff contends the infection resulted from the failure to provide him the full course of intravenous antibiotics prescribed by Dr. Kincade and bi-weekly aftercare. In August 2007, Plaintiff's toe was amputated.

Plaintiff was released from the Jail in August 2007. For the next six months, he was able to obtain "proper medical care for his infected right foot," but was unable to gain control over the infection. In September 2008, the infection spread into the bone, requiring amputation of the front half of his right foot.

Plaintiff alleges on information and belief that Wexford Health Solutions (Wexford) has a policy of denying or limiting medical care to reduce costs. He alleges the Medical Administrator Doe was responsible for administering Wexford's policy, resulting in Plaintiff not receiving prescribed medical care. He alleges that Dr. Doe I discontinued prescribed intravenous antibiotics, which was medically inappropriate under the circumstances. He alleges that Dr. Doe II ignored and failed to treat Plaintiff' obvious serious medical needs.

**IV.   Claims for Which an Answer Will be Required**

Plaintiff sufficiently states a claim for deliberate indifference to his serious medical needs in Counts I and II against Wexford, Medical Administrator Doe, and Drs. Doe I and II. Wexford will be required to respond to the Complaint. As discussed below, Plaintiff will be granted 60 days in which to file a notice of substitution as to the Doe Defendants.

**V.   Service on the Doe Defendants Cannot Be Effected at this Time**

Plaintiff sues three fictitiously-named Defendants: Medical Administrator Doe, Dr.

---

[1] Osteomyelitis is defined as an "[i]nflammation of the bone marrow and adjacent bone." Stedman's Medical Dictionary, 289060 (27th ed. 2000).

1 John Doe I, and Dr. John Doe II.  The use of anonymous type appellations to identify
2 defendants is generally disfavored.  Rule 10(a) of the Federal Rules of Civil Procedure
3 requires the plaintiff to include the names of the parties in the action.  As a practical matter,
4 it is impossible in most instances for the United States Marshal or his designee to serve a
5 summons and complaint or amended complaint upon an anonymous defendant.  Thus,
6 although Plaintiff has alleged claims with enough specificity to require an answer, the Court
7 cannot direct that service be made on the Doe Defendants at this time.

8 The Ninth Circuit has held that where identity is unknown prior to the filing of a
9 complaint, the plaintiff should be given an opportunity through discovery to identify the
10 unknown defendants, unless it is clear that discovery would not uncover the identities, or that
11 the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d
12 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).
13 The Court will allow Plaintiff 60 days in which to discover the actual names of the Doe
14 Defendants, through *subpoena* or otherwise, and to substitute their actual names by filing a
15 "notice of substitution."  See Wakefield, 177 F.3d at 1163.  Failure to timely file a notice of
16 substitution will result in the dismissal of the Doe Defendants without prejudice.

17 **VI.   Warnings**

18 **A.   Release**

19 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
22 in dismissal of this action.

23 **B.   Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with Rule
25 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
26 relief with a notice of change of address.  Failure to comply may result in dismissal of this
27 action.

28 /   /   /

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 5.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $12.94.

(3) Plaintiff is granted **60 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of each of the Doe Defendants and to file a "notice of substitution" providing each of the Defendant's names in place of their fictitious identities.

(4) The Clerk of Court must issue three subpoenas in blank and send them to Plaintiff.

(5) The Clerk of Court must enter a dismissal of any Doe Defendant for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a "notice of substitution" as to any Doe Defendant within 60 days from the filing date of this Order.

(6) Defendant Wexford Health Solutions must answer Counts I and II.

(7) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

Defendant Wexford Health Solutions.

(8)  Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(10)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)  The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

Procedure, unless otherwise ordered by the Court.

(12) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 5th day of January, 2011.

_____
Mary H. Murgula
United States District Judge