1

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8  Michael James Rich,
                                        )
9          Plaintiff,                   ) CIV 10-08178 PCT JWS MEA
                                        )
10         v.                           ) REPORT AND RECOMMENDATION
                                        ) FOR DISMISSAL
11  Wexford Health Sources, Inc.,       )
    Dr. Stonecipher,                    )
12  Ronald Williams,                    )
                                        )
13         Defendants.                  )
    _____ )

14

15  TO THE HONORABLE JOHN W. SEDWICK:

16         Plaintiff, who was then pro se, filed his complaint on

17  September 17, 2010, while incarcerated at the Arizona State

18  Prison Complex in Buckeye, Arizona.  On January 7, 2011, the

19  Court ordered Plaintiff to complete and return a service packet

20  for Defendant Wexford Health Sources to the Court. That order

21  warned Plaintiff that his failure to timely comply with the

22  provisions of the order would result in the dismissal of the

23  complaint pursuant to Rule 41(b), Federal Rules of Civil

24  Procedure.  Plaintiff later identified as defendants and

25  effected service on Defendant Stonecipher and Defendant

26  Williams.

27

28

The Court's service order at Doc. 8 warned Plaintiff:

> Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.
>
> ***
>
> Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.
>
> ***
>
> If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

On December 19, 2011, Defendants filed a motion to dismiss, which was denied on May 2, 2012. On May 4, 2012, the Court issued a scheduling order requiring discovery be completed by October 12, 2012, and that dispositive motions be filed by December 21, 2012. Defendants Wilkinson and Payne were added as defendants and these defendants answered the complaint on August 21, 2012.

Plaintiff noticed a change of address, indicating he was released from prison, on September 12, 2012, and counsel for Plaintiff entered an appearance on September 19, 2012, and on October 2, 2012. The remainder of the filing fee was paid on July 20, 2012. See Doc. 31.

On October 12, 2012, Plaintiff sought an extension of the time to complete discovery and file dispositive motions, and

on November 30, 2012, the Court allowed the parties until September 1, 2013, to complete discovery and until September 15, 2013, to file dispositive motions.

On November 19, 2012, Defendants filed a motion for summary judgment.  On March 21, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment.  The Court dismissed Count I with prejudice, regarding Plaintiff's treatment to his left big toe, and denied the motion with regard to Count II, regarding treatment for his right foot.

On April 12, 2013, the Court granted Attorney Richard D. Lyons' motion to withdraw as counsel of record for Plaintiff, based on the fact that Mr. Lyons was no longer employed by Gillespie, Shields & Durrant.  Mr. Lyons stated in his motion to withdraw: "Gillespie, Shields & Durrant has expressed a desire to continue representing Plaintiffs as co-counsel with other attorneys and is actively seeking co-counsel in that regard." Doc. 53.

In the order granting the motion to withdraw the Court ordered that Plaintiff inform the Court as to whether Gillespie, Shields & Durrant would continue to represent Plaintiff or if he wished to proceed pro se.  That order was mailed to Plaintiff at his last known address:

> Mr. Michael Rich
> 4210 North Longview Avenue
> Phoenix, Arizona 85014

The order mailed to Plaintiff was returned as undeliverable.  See Doc. 55.

Accordingly, on August 8, 2013, the Magistrate Judge issued an order directed to Dan Durrant of the law firm

Gillespie, Shields & Durrant, pursuant to his appearance as counsel of record for Plaintiff at Doc. 37.  The Court gave Mr. Durrant until August 23, 2013, to notify the Court whether he continues to represent Plaintiff or to move the Court to withdraw as counsel of record for Plaintiff.  Mr. Durrant did not respond to the order and the copy of the order sent to Plaintiff was returned as undeliverable.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide:  "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion.   This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court

1   informed of his address prevents the case from proceeding in the
2   foreseeable future.   The fourth factor, as always, weighs
3   against dismissal.   The fifth factor requires the Court to
4   consider whether a less drastic alternative is available.
5   Without Plaintiff's current address, however, certain
6   alternatives are bound to be futile.  Here, as in <u>Carey</u>, "[a]n
7   order to show cause why dismissal is not warranted or an order
8   imposing sanctions would only find itself taking a round trip
9   tour through the United States mail."  856 F.2d at 1441.

10          The Court finds that only one less drastic sanction is
11  realistically available.   Rule 41(b) provides that a dismissal
12  for failure to prosecute operates as an adjudication upon the
13  merits "[u]nless the court in its order for dismissal otherwise
14  specifies."   In the instant case, the Court concludes that a
15  dismissal with prejudice would be unnecessarily harsh.

16          **IT IS THEREFORE RECOMMENDED** that, pursuant to Rule
17  41(b), Federal Rules of Civil Procedure, this action be
18  dismissed without prejudice.

19          DATED this 4th day of September, 2013.

21          _____
                        Mark E. Aspey
                 United States Magistrate Judge

-6-