UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael James Rich, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-8178 JWS - MEA |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | [Re:   Report and Recommendation; |
| Wexford Health Sources, *et al.*, | ) |         Dismissal of Case] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MATTER PRESENTED

At docket 60, Magistrate Judge Mark E. Aspey filed a report recommending that the court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to keep the court advised of his address.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1]  When reviewing a magistrate judge's report and recommendation, the district court reviews *de novo* conclusions of

---

[1] 28 U.S.C. § 636(b)(1).

law[2] and findings of fact to which parties object.[3]  The court reviews for clear error uncontested findings of fact.[4]

### III.  DISCUSSION

As the record makes clear, plaintiff was ordered to keep the court advised of his address and warned that failure to do so would subject his claims to dismissal.[5]  Plaintiff has violated the order by failing to keep the court advised of his address: Mail sent by the court to the last address provided to the court is being returned as "Attempted Not Known - Unable to Forward."  Plaintiff's failure renders it impossible to proceed with this action.

Having reviewed the magistrate judge's report and recommendation under the standard of review articulated above, the court agrees with the magistrate judge's findings of fact and conclusions of law.   Accordingly, the court **ACCEPTS** the report and recommendation at docket 60.  Plaintiff's remaining claim is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

DATED at this 5th day of September, 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[2]*Barilla v. Ervin*, 886 F.3d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

[5]Order at doc. 8.