UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael James Rich,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Wexford Health Sources, Inc., *et al.*,<br><br>　　　　Defendants. | 3:10-cv-8178 JWS<br><br>**PRELIMINARY<br>ORDER AND OPINION**<br><br>[Re: Motion at Docket 65] |

## I.  PRELIMINARY NATURE OF THIS ORDER

This order sets forth the court's preliminary view of the motion at docket 65.  <u>It is not a final decision and the motion remains pending for disposition after the court hears oral argument which is presently set for June 12, 2014</u>.  The court may, or may not, adopt all or portions of this order as the rationale for its disposition of the motion.  This order is intended to assist counsel in preparing for oral argument.  It does **not** authorize the filing of any additional motion papers.

## II.  MOTION PRESENTED

At docket 65, plaintiff Michael James Rich filed a "motion for reinstatement of civil action." At docket 66, defendants Wexford Health Sources, Inc.; William C. Stonecipher, D.O.; Ronald G. Williams, M.D.; Malcolm G. Wilkinson, M.D.; and Becky

-1-

Payne (collectively, "defendants") opposed. Rich did not file a reply. Oral argument was held on June 12, 2014.

### III.  BACKGROUND

Rich filed his complaint *pro se* while he was incarcerated. On January 7, 2011, the court ordered him, under Local Rule of Civil Procedure 83.3(d), to keep the court advised of his mailing address and warned that his failure to do so would subject his claims to dismissal.[1] On September 12, 2012, he filed a notice of change of address indicating that he had been released from prison. One week later, Richard D. Lyons and Dan M. Durrant of the law firm Gillespie, Shields & Durrant ("GSD") entered an appearance as Rich's counsel.

On April 5, 2013, Lyons, who was then working for a new law firm, filed a motion to withdraw as Rich's counsel. The motion stated that Rich's fee agreement was with GSD, that GSD had Rich's physical file, and that GSD had "expressed a desire to continue representing Plaintiff[] as co-counsel with other attorneys and is actively seeking co-counsel in that regard."[2] The magistrate judge granted Lyons' motion on April 12 and ordered all future pleadings and orders to be served on Rich directly instead of on Durrant. The magistrate judge ordered Rich to notify the court within 30 days whether GSD would continue to represent him.

After the magistrate judge's April 12 order to Rich was returned as undeliverable, the magistrate judge ordered Durrant [at docket 58] to notify the court by August 23 whether he continued to represent Rich. Durrant did not respond.[3]

The magistrate judge recommended dismissal of Rich's complaint at docket 60. This court, at docket 61, dismissed Rich's complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) as a sanction against Rich for violating the court's

---

[1]Doc. 8 at 5.

[2]Doc. 53 at 2.

[3]Doc. 60 at 3-4.

January 2011 order to keep the court advised of his address.[4]  About three months later Rich, through counsel at GSD, filed the present "motion for reinstatement of civil action."

## IV.  STANDARD OF REVIEW

Rich argues that his case was dismissed due to his counsel's "excusable neglect."[5]  As defendants correctly note, Rich's motion is properly characterized as a Rule 60(b)(1) motion for relief from a judgement or order. Rule 60(b)(1) motions are addressed to the discretion of the court.[6] To determine whether a party's conduct constitutes excusable neglect, courts apply the four-factor *Pioneer-Briones* test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[7] These four factors are not exclusive; whether neglect is excusable is an equitable determination and all relevant circumstances must be considered.[8]  Because Rule 60(b) is remedial in nature, it must be liberally applied.[9]

---

[4]Doc. 61 at 2.

[5]Doc. 65 at 2.

[6]*See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).

[7]*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997)).

[8]*Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009).

[9]*Ahanchian*, 624 F.3d at 1262.

# V.  DISCUSSION

**A. Prejudice to Defendants.**

Regarding the first *Pioneer-Briones* factor, prejudice to the opposing party "requires greater harm than simply that relief would delay resolution of the case."[10] Defendants' opposition does not assert that defendants would be prejudiced in any way if Rule 60(b) relief is granted.

**B. Length of the Delay.**

Regarding the second *Pioneer-Briones* factor, the length of the delay, Rule 60(c) states that a Rule 60(b) motion must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties."[11] Rich's motion was brought within a year after the dismissal order and within a reasonable amount of time. The approximately three-month delay between dismissal and Rich's present motion is relatively long,[12] but not objectively unreasonable.

**C. Reason for the Delay**

Regarding the third *Pioneer-Briones* factor, the reason for the delay, Rich states that Durrant did not respond to the court because GSD's docketing clerk, who mistakenly thought that GSD was no longer involved in the case, failed to enter the

---

[10] *Lemoge*, 587 F.3d at 1196.

[11] *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).

[12] *See, e.g., Ahanchian*, 624 F.3d at 1262 (three day delay not unreasonable); *Lemoge*, 587 F.3d at 1197 (delay of about seven months not unreasonable); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (delay of "a little more than one month" not unreasonable); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) (two week delay not unreasonable).

court's August 8, 2013 order into GSD's computerized docketing system.[13]  This explanation is weak.  The court's August 8 order was not only served on GSD's docketing clerk but also on Durrant directly; the same is true for the magistrate judge's September 4 report and the court's September 5 dismissal order.[14]  Rich's motion suggests that Durrant overlooked these docket entries for nearly three months because he was "too busy with other cases."[15]  Courts consistently deny Rule 60(b) relief where the oversight was due to the demands of being a busy lawyer.[16]

**D. Good Faith.**

As to the fourth *Pioneer-Briones* factor, whether the movant acted in good faith, defendants argue that Rich's counsel did not act reasonably by failing to monitor the case's status and has effectively abandoned Rich's case by failing to engage in discovery.[17]  Although these allegations raise significant concerns about GSD's diligence in prosecuting this case, it does not appear that GSD's failure to respond to the court's order was caused by bad faith.

**E. Other Factors.**

Three other factors may be relevant to whether Rich or his counsel's neglect is excusable. First, in *Lemoge v. U.S.*, the Ninth Circuit held that courts should consider whether a statute of limitation bars a plaintiff from re-filing her complaint when deciding

---

[13] Doc. 65 at 4; Doc. 65-1 at 2.

[14] As defendants correctly note, "[e]ach registered user of the ECF system is responsible for assuring that the user's e-mail account is monitored regularly, and that e-mail notices are opened in a timely manner." Doc. 66 at 10 (quoting United States District Court for the District of Arizona, *Electronic Case Filing Administrative Policies and Procedures Manual* § II.D.2, at 11 (Feb. 2014), *available at* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.).

[15] Doc. 65-1 at 2.

[16] *See, e.g., Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005); *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986).

[17] Doc. 66 at 11.

whether to grant Rule 60(b) relief.[18]  Here, Rich would suffer substantial prejudice if relief were not granted because the statute of limitation has run on his claims.[19] Defendants argue that granting Rich relief would be futile because, according to defendants, the statute of limitation ran while the case was dismissed.[20]  This misunderstands the nature of Rule 60(b).  Rule 60(b) relief would effectively undo this court's dismissal order.[21]

Second, it would be inequitable to dismiss Rich's complaint for failure to comply with a procedural rule that applies only to unrepresented parties when, technically, he was represented at the time. This court's September 5, 2013 dismissal order found that Rich failed to comply with this court's January 7, 2011 order, which in turn ordered Rich to comply with Local Rule of Civil Procedure ("Local Rule") 83.3(d).  Local Rule 83.3(d) requires attorneys and unrepresented parties to inform the court of address changes. This rule did not apply to Rich because Durrant was his counsel of record at the time.[22]

---

[18] *Lemoge*, 587 F.3d at 1195-96 ("In contrast to the lack of prejudice to the government if the Lemoges are granted relief, the Lemoges will suffer substantial prejudice absent relief because they cannot re-file their action. Indeed, the Lemoges would endure the ultimate prejudice of being forever barred from pursuing their claims.").

[19] A.R.S. § 12-542.

[20] The defendants also cite *Chardon v. Soto*, 462 U.S. 650 (1983), and argue that an Arizona tolling statute, A.R.S. § 12-504, controls. In *Chardon* the United States Supreme Court held that in a § 1983 action federal courts must apply State "rules regarding tolling and tolling effect unless those State rules are inconsistent with federal law." 462 U.S. at 662. *Chardon* and A.R.S. § 12-504 do not apply here because Rich is asking for relief from dismissal, not for the statute of limitation to be tolled.

[21] *See* Fed. R. Civ. P. 60(b); *Lemoge*, 587 F.3d at 1198.

[22] *See* LRCiv 83.3(b) ("No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court . . . ."). The magistrate judge's report and recommendation also notes that the court-approved instructions for civil rights complaints, which Local Rule 3.4 requires all prisoner-litigants to comply with, require plaintiffs to notify the court of mailing address changes. Doc. 60 at 4. These instructions only apply to unrepresented prisoners. *See* United States District Court for the District of Arizona, *Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona,* at 1 (May 1, 2013), *available at*

Third, even if it were proper to have treated Rich as unrepresented, it is unclear from the record whether Rich actually knew that his counsel had withdrawn. Lyons' April 5 withdrawal motion does not bear Rich's written approval.[23] And although Lyons certified that he notified Rich in writing of the status of the case,[24] it is questionable whether Rich actually received this writing because mail sent on April 12 to the address provided in Lyons' motion was returned as undeliverable.[25]

## VI.  PRELIMINARY CONCLUSION

Considering the factors set forth above and this court's obligation to apply Rule 60(b) liberally, the motion at docket 65 will likely be granted.

DATED this 15th day of May 2014.

                                                               /s/
                                      JOHN W. SEDWICK
                               UNITED STATES DISTRICT JUDGE

---

http://www.azd.uscourts.gov/sites/default/files/forms/Civil%20Rights%20Complaint%20instructions-form.pdf.

[23]LRCiv 83.3(b)(1).

[24]LRCiv 83.3(b)(2).

[25]Doc. 55.